IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS GOHRE,

                      Plaintiff,

  v.                                                      OPINION and ORDER

JARED HOY,                                              24-cv-448-jdp

                      Defendant.

---

Plaintiff Demetrius Gohre, proceeding without counsel, alleges that he is receiving medications that contain pork byproduct, which has caused him to stop taking them to avoid violating his faith, Islam. Gohre is proceeding on religious liberty claims for injunctive and declaratory relief under the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA) against defendant Department of Corrections Secretary Jared Hoy.

Hoy moves for summary judgment, contending that Gohre's claims are moot and fail on the merits. The undisputed facts show that, whenever Gohre expressed concern that his medications could contain pork byproduct, medical staff prescribed him alternative medications without pork byproducts. There's no evidence that medical staff withheld effective, non-pork medication. Therefore, Gohre's religious liberty claims for injunctive and declaratory relief are moot. I will grant Hoy's motion and close the case.

UNDISPUTED FACTS

In April 2023, Gohre complained to Advanced Practice Nurse Prescriber Elizabeth Lindner that his medication trazodone was making him groggy. *See* Dkt. 45 ¶ 3. Lindner offered

Gohre diphenhydramine as an alternative, which he accepted. *See id.* ¶ 4. In July 2023, Gohre attempted suicide by a combination of hanging and overdosing with diphenhydramine, so Lindner discontinued his prescription for it. *Id.* ¶¶ 6–7.

In October 2023, Dr. Laura Sukowaty prescribed Gohre verapamil for complaints of headaches. *Id.* ¶ 15. In December 2023, Gohre expressed concern that his verapamil capsules could contain gelatin. *Id.* ¶ 16. Sukowaty offered Gohre Topamax as an alternative, in part because it lacked gelatin. *See id.* In February 2024, Sukowaty discontinued Gohre's Topamax prescription because he was not consistently taking that medication and he said that his headaches were stable. *See id.* ¶ 17.

In November 2023, Lindner prescribed Gohre prazosin after he complained of nightmares. *Id.* ¶ 9. Around that time, Gohre's stepfather, who has no medical training, told Gohre that prazosin contained pork byproduct. *Id.* ¶ 10. At his next appointment in January 2024, Gohre told Lindner that he believed that his prazosin's gelatin coating contained pork byproduct, and that he had stopped taking it for that reason but continued to have nightmares. *Id.* ¶ 11. Lindner offered Gohre trihexyphenidyl as an alternative, which he accepted. *Id.* ¶ 12.

Gelatin can be made from pork byproduct, cattle byproduct, or plants. *Id.* ¶¶ 21–22. Diphenhydramine is available in capsule and tablet form; the tablets contain no gelatin. *Id.* ¶ 19. Prazosin comes in a capsule form, though the manufacturer does not specify the ingredients of the gelatin. *Id.* ¶ 21. The verapamil distributed in the DOC system comes in tablet form, which contains no gelatin. *Id.* ¶ 20.

ANALYSIS

Gohre bases his religious liberty claims for injunctive and declaratory relief on the allegation that he is currently receiving medications that contain pork byproduct, which has caused him to stop taking them to avoid violating the tenets of Islam. Gohre's claims fail for a common reason: the undisputed facts show that there is no ongoing violation of his religious liberty.

The basic rule is that if the plaintiff seeks injunctive and declaratory relief, but the threat of the conduct that he seeks to enjoin is no longer present, the suit must be dismissed as moot, unless a claim for damages remains. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006); *Stevens v. Hous. Auth. of S. Bend*, 720 F. Supp. 2d 1013, 1025 (N.D. Ind. 2010). Gohre is not proceeding on a claim for damages. So the decisive issue is whether prison officials are forcing Gohre to choose between medications containing pork byproduct or maintaining adequate health.

The undisputed facts show that Gohre no longer faces this dilemma. By January 2024, Gohre had stopped taking each medication (diphenhydramine, verapamil, and prazosin) that he alleges contains pork byproduct. There is no evidence that Gohre has sought to restart diphenhydramine, verapamil, or prazosin, or that he's currently experiencing any medical issues that would require treatment with any of these medications. *See* Dkt. 35 (Gohre Dep. 64:5–13). Gohre says in his response to Hoy's proposed facts that he still experiences frequent migraines, but he does not say that his current medications are inadequate to treat that condition. *See* Dkt. 42 ¶¶ 17–18.[1] Gohre does not contend that prison officials are withholding

---

[1] Gohre did not sign his response to Hoy's proposed facts under penalty of perjury, so this statement would not be admissible. *See Stanford v. Wenzel*, No. 23-cv-604-jdp, 2024 WL 4039801, at *2 (W.D. Wis. Sept. 4, 2024). If that were the only problem with Gohre's

3

a non-pork medication that would be effective to treat his migraines or any other health condition.

Gohre contends that his religious liberty claims are not moot. He explains that the DOC does not verify whether medications contain pork byproduct and that, as a result, he "is going to be at risk of consuming pork . . . every time he is prescribed a new medication." Dkt. 41 at 5. But it's undisputed that whenever Gohre expressed concerns that his medications contained gelatin, his providers offered him alternative medications. There is no admissible evidence that Gohre will require any gelatin-based medication in the future.

Gohre seeks an order requiring the DOC to verify with manufacturers whether a medication contains pork byproduct. But Gohre acknowledges that a manufacturer may not specify the ingredients of a medication's gelatin, *see* Dkt. 45 ¶ 21, so that relief would not be practical. And he's already got an easy remedy: Gohre can decline to take medications that contain gelatin. On this record, there's no realistic probability that Gohre will have to choose between maintaining his health and risk violating the tenets of his faith by consuming pork products. *Cf. Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 947 (7th Cir. 2006). Gohre's religious liberty claims are moot.

ORDER

IT IS ORDERED that:

1. Defendant Jared Hoy's motion for summary judgment, Dkt. 36, is GRANTED.

---

position, I would give him the chance to correct it.

2. The clerk of court is directed to enter judgment and close the case.

Entered January 9, 2026.

                                    BY THE COURT:

                                    /s/

                                    _____
                                    JAMES D. PETERSON
                                    District Judge